WEBSTER and Another *v.* THE METROPOLITAN WASHING MA-
CHINE COMPANY.

PLEADING.—To an action upon a written guaranty of payment of the price
of all clothes wringers sold by plaintiffs to one of the guarantors, it was
answered, 1. That the clothes wringers sued for were not sold under the
agreement, but were delivered upon trial, under a parol agreement. 2.
That the articles sued for were purchased upon the faith of certain false
and fraudulent representations of the plaintiff, and that by reason of said
fraud defendants were damaged, &c.

*Held,* that the parol agreement pleaded in the first answer did not conflict
with the written guaranty sued on, and that both answers were good.

APPEAL from the *Ripley* Common Pleas.

RAY, J.—This was an action by appellee for goods sold
and delivered to *George Webster,* one of the appellants,
upon a guaranty executed by each of said appellants for
the payment of all book accounts or notes given for clothes
wringers, or other articles sold from time to time to said
*George.* The complaint charges that the goods were, in
consideration of said undertaking and guaranty, sold and
delivered to said *George Webster,* upon the following order:
"*R. C. Browning,* agent. Please send me two dozen clothes
wringers—No. 2. (Sig'd) *G. Webster.*"

The defendants filed an answer in five paragraphs, the
first and third of which were withdrawn. To the remain-
ing paragraphs, demurrers were sustained. The second
paragraph amounts to an averment that the two dozen
clothes wringers were received on trial, and were not pur-
chased under the agreement securing payment for goods
sold. This paragraph does not conflict with the written
instrument of guaranty, nor with the written order, but
while it admits the possession of the goods, avoids liability
under the written contract, and offers to re-deliver them
when called for, as stipulated in the verbal agreement under
which they were received. The paragraph was good, and
the demurrer to it should have been overruled.

The fourth paragraph avers a warranty of the wringers,

and that by the failure of the same the defendants were damaged in the sum of five dollars on each machine. This paragraph is bad, because it attempts to answer as to one hundred and seventy-four dollars.

The fifth paragraph of the answer alleges that the goods were purchased upon the faith of, and confiding and believing in, certain false and fraudulent representations made by the agent of the plaintiff, who knew the same to be false; that by reason of the machines not being as represented, the defendants were damaged in the sum of four hundred dollars. The paragraph was good, and the demurrer should have been overruled.

The judgment is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.

*H. W. Harrington* and *M. K. Rosebrough*, for appellants.